IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MELBRY PHILLIPS DEVINE, )
)
    Plaintiff, )
)
v. ) CASE NO. CV415-130
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )
)
    Defendant. )
)

# **O R D E R**

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 14), to which objections have been filed (Doc. 16). In her objections, Plaintiff largely repeats the same arguments contained in her initial brief. However, the Court can discern no avenue for relief. As a result, and for the more specific reasons stated below, the Court finds Plaintiff's objections to be without merit. Accordingly, the Report and Recommendation is **ADOPTED** as the Court's opinion in this case and the Commissioner's decision denying benefits is **AFFIRMED**. The Clerk of Court is directed to **CLOSE** this case.

As the Magistrate Judge noted in his Report and Recommendation, the Court

> review[s] the Commissioner's decision for substantial evidence. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our

judgement for that the Commissioner." Winschel, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 782 (11th Cir. 2014). Accordingly, the Court cannot overturn a decision of the Commissioner merely because the Court may have decided differently if presented with the same facts. Instead, the Court looks to whether the Commissioner's decision is supported by substantial evidence, and whether the legal requirements and standards were followed.

Plaintiff alleges that the Administrative Law Judge ("ALJ") failed to properly weigh the medical opinion evidence, failed to properly evaluate her credibility, and relied on flawed vocational expert testimony. (Doc. 16.) In regards to the medical opinion evidence, Plaintiff alleges that the ALJ improperly discounted the opinion of Dr. Vincent. Plaintiff also alleges that the ALJ erred in discounting the opinion of Dr. Heneisen. (Id. at 6.)

Dr. Vincent was one of Plaintiff's treating physicians and his opinion is generally entitled to more weight. Winschel, 631 F.3d at 1179. An ALJ is entitled to discount a treating physician's opinion when the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. When electing to disregard the

opinion of a treating physician, the ALJ must clearly articulate its reasons." Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (internal citations omitted). As the Magistrate Judge acknowledged, however, Dr. Vincent's opinion was not consistent with either objective medical evidence or Plaintiff's work history. (Doc. 14 at 7.) First, Dr. Vincent's opinion stands in direct contrast to the opinions of Drs. Roth and Williams.[1] (Id. at 7-8.) While Drs. Roth and Williams were not treating physicians, the fact that their opinions were markedly different from Dr. Vincent's militates against according great weight to that opinion. Second, Plaintiff was experiencing the symptoms she alleged prior to being laid off from work. (Id. at 9.) While she claims that she struggled with work, her employer provided a positive assessment of her ability to perform her job.[2] (Doc. 8, Attach. 6 at 50-51.) Finally, despite the seriousness of Plaintiff's alleged limitations as described by Dr. Vincent, she was not hospitalized and her

---

[1] Dr. Roth examined Plaintiff during a consultative psychological evaluation and Dr. Williams reviewed some of Plaintiff's medical records, including a self-report diagnostic. (Doc. 8, Attach. 3 at 15-16.) The Court recognizes that generally, "[t]he reports of reviewing nonexamining physicians do not constitute substantial evidence on which to base an administrative decision." Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988) (citing Spencer ex rel. Spencer v. Heckler, 765 F.2d 1090 (11th Cir. 1985); Strickland v. Harris, 615 F.2d 1103 (5th Cir. 1980)). However, that is not what happened here. Dr. Vincent's opinion is not contradicted solely by the opinions of Drs. Roth and Williams, but also by Dr. Vincent's own treatment of Plaintiff and Plaintiff's work history.

[2] In fact, Plaintiff's former employer indicated no problems from Plaintiff, considered Plaintiff's work to be adequate, and did not indicate that Plaintiff had any different job expectations or duties as compared to other individuals in her position. (Doc. 8, Attach. 6 at 50-51.)

treatment was conservative. While not dispositive, the treatment Plaintiff did receive—which consisted of examinations three times a year and medication—tends to weigh against Dr. Vincent's otherwise dire reflection of Plaintiff's medical history. See Weaver v. Comm'r, Soc. Sec. Admin., 567 F. App'x 864, 868 (11th Cir. 2014) (upholding decision to afford treating physician only some weight because of "claimant's conservative treatment.")

Plaintiff also alleges that the ALJ erred in rejecting the opinion of Dr. Heneisen. The ALJ rejected Dr. Heneisen's opinion because it was inconsistent with the majority of the medical record, belied by claimant's activities of daily living, and supported only by the claimant's subjective allegations. (Doc. 8, Attach. 3 at 15.) As the Magistrate Judge acknowledged, Dr. Heneisen "painted a picture of an upper body invalid," which is strangely inconsistent with Plaintiff's self-reported activities. (Doc. 14 at 16.) Moreover, Dr. Heneisen's opinions, dated six months apart, are inconsistent with each other. His first opinion does not mention Plaintiff's chest pain as a symptom. (Doc. 8, Attach. 13 at 6-12.) However, his second opinion claims that Plaintiff's chest pain is the main cause of her disability. (Doc. 8, Attach. 20 at 87.) This is in direct contrast to Plaintiff's cardiologist, who did not report chest pain or angina.[3] (Doc. 14 at

---

[3] Plaintiff also speculates that she has small vessel disease that will not respond to treatment and that the ALJ should have further developed the record. (Doc. 16 at 6.) However, Dr. Heneisen's opinion was not supported by medical evidence, including the

4

19-20.) Accordingly, the ALJ did not err in discounting the medical opinions of Drs. Vincent and Heneisen.

Second, the ALJ properly found Plaintiff to be not credible. The ALJ correctly applied the pain standard, but found that Plaintiff's statements as to the "intensity, persistence, and limiting effects" were not credible because they were inconsistent with medical records. (Doc. 8, Attach. 3 at 13.) Specifically, the ALJ noted that Plaintiff's "reports to her treating and examining physicians, as well as findings upon objective examination, are generally inconsistent with the claimant's testimony of such significant complaints of pain and dysfunction." (Id.) Additionally, the ALJ noted that Plaintiff's allegations were inconsistent with her self-reported ability to self-structure. (Id. at 14.) This is substantial evidence supporting the ALJ's decision and does not indicate that the ALJ substituted his own opinion for medical evidence. Accordingly, the Court will not overturn the ALJ's decision.

Finally, Plaintiff alleges that the hypothetical the ALJ posed to the vocational expert was incomplete. (Doc. 16 at 8.) In this case, the ALJ limited his hypothetical to "simple, relatively repetitive work which did not require frequent or prolonged interpersonal interactions." (Doc. 8, Attach. 2 at 51.) This

---

medical report of Dr. Huggins which did not report any such disease. (Doc. 8, Attach. 3 at 14.) This speculation did not require the ALJ to develop the record any further. See Mosley v. Acting Comm'r of Soc. Sec. Admin., 633 F. App'x 739, 743 (11th Cir. 2015).

5

adequately encompasses the limitations Plaintiff alleges. See Winschel, 631 F.3d at 1180 ("[W]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations."). Plaintiff also claims that there is no reference to "medical evidence" supporting simple repetitive work in either the ALJ's opinion or the Magistrate Judge's Report and Recommendation. (Doc. 16 at 8.) However, it is clear that the hypothetical posed by the ALJ was based on the medical opinions in the file, including those mentioned above. (Doc. 8, Attach. 2 at 50.)

SO ORDERED this 19th day of August 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA